# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Delaware County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Sandra Caserta | Target Springfield West Store |
| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: Robert DeLuca, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5. Cover Sheet**

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii) actions for support, Rules 1910.1 et seq.

(iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

ROBERT DeLUCA & ASSOCIATES,LLC.
BY: ROBERT A. DeLUCA, ESQUIRE
Identification No. 49947
959 West Chester Pike
Havertown, PA 19083
(610) 924-0999
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

SANDRA CASERTA
1153 Brill Street
Philadelphia, PA 19124
Plaintiff,

v.

TARGET SPRINGFIELD WEST STORE
1200 Baltimore Pike
Springfield, PA 19064
And
TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, MN 55403
Defendant,

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH THE INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DELAWARE COUNTY BAR ASSOCIATION
LAWYER'S REFERRAL SERVICE
320 W. Front Street
Media, PA 19063
TELEPHONE: (610) 566-6625

ROBERT DeLUCA & ASSOCIATES,LLC.
BY: ROBERT A. DeLUCA, ESQUIRE
Identification No. 49947
959 West Chester Pike
Havertown, PA 19083
(610) 924-0999
Attorney for Plaintiff,

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

SANDRA CASERTA
1153 Brill Street
Philadelphia, PA 19124

v.

TARGET SPRINGFIELD WEST STORE
1200 Baltimore Pike
Springfield, PA 19064
And
TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, MN 55403

## COMPLAINT

Plaintiff, Sandra Caserta, by and through their attorney, Robert A. DeLuca, Esquire, aver as follows:

1. Plaintiff, Sandra Caserta, an adult individual who resides at 1153 Brill Street, Philadelphia, Philadelphia County, PA 19124.

2. Defendant, Target Corporation is a business entity and/or corporation lawfully doing business within the Commonwealth of Pennsylvania with a retail store located at 1200 Baltimore Pike, Springfield, Delaware County, PA 19064.

3. At all times relevant herein and material hereto, Plaintiff, Sandra Caserta, was a business invitee lawfully on the premises known to her as Target which is located at 1200 Baltimore Pike, Springfield, Delaware County, PA 19064.

4. At all times material hereto, Defendant, for the purpose of conducting said business, did own, operate, manage, control and maintain and/or did have under their exclusive care, custody and control the aforesaid building and its interior operations and/or business located at 1200 Baltimore Pike, Springfield, Delaware County, PA 19064.

5. At all times material hereto, Defendant acted and/or failed to act by and through their employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said Defendant.

**COUNT I - NEGLIGENCE**
**SANDRA CASERTA V. TARGET CORPORATION**

6. The allegations contained in paragraphs 1 through 5 are incorporated herein by reference as if fully set forth at length.

7. On or about June 14, 2024 at approximately 4:00 P.M., Plaintiff, Sandra Caserta, was a customer and/or business invitee lawfully upon the aforesaid premises of Defendant, at which time she was caused to sustain severe and serious personal injuries due to the negligence of Defendant by their agents, servants and/or employees.

8. At the aforesaid time, date and location, Plaintiff was walking towards the cash register located towards the front of Defendant's store when she was caused to fall violently to the floor as the result of a dangerous and/or defective condition existing upon said premises, to wit, a slippery liquid substance thereon.

9. Plaintiff avers that it was the duty of the Defendant to keep and maintain the aforesaid premises in a good and safe condition so that same should not constitute a menace, danger, nuisance, snare or trap for persons lawfully thereon.

10. Notwithstanding said duty at the time of the occurrence, hereinafter set forth and for a long time prior thereto, Defendant negligently permitted the aforesaid property to become and remain in a dangerous and/or defective condition, to wit, the presence of a slippery liquid substance existing upon the main aisle/checkout of Defendants' location rendering said aisle slippery and hazardous so as to constitute a menace, danger, nuisance, snare and/or trap for persons lawfully thereon.

11. Defendant had or should or could have had knowledge or notice of the existence of the aforementioned dangerous condition on the above premises due to the fact that the location of the Plaintiff's fall was within close proximity and immediately adjacent to the cash register and Customer Service Booth which was occupied by a representative and/or agent of Defendants.

12. Defendant had or should or could have had knowledge or notice of the existence of the aforementioned dangerous condition on the above premises due to the fact that the point of impact was within close proximity and immediately adjacent to an agent and/or representative who was working and/or present at or around the location of the fall.

13. Plaintiff avers that said liquid substance had been on the floor for a sufficient period of time for Defendant to know or should have known of same and, therefore, Defendant was negligent in failing to remove and/or clean the aforesaid defect.

14. As a direct and proximate result of the aforesaid defective and/or dangerous condition existing upon the aforesaid aisle of Defendant's premises, Plaintiff was caused to forcefully strike her body and head on the ground and was injured.

15. At all times material hereto, Plaintiff acted in a careful, cautious, reasonable and prudent manner and was free from any comparative negligence.

16. At all times material hereto, Plaintiff was free from any comparative negligence and did not in any manner assume the risk of injury and/or accident.

17. The aforesaid incident and resulting injuries and/or damages were due in no part whatsoever to any act or failure to act on the part of the Plaintiff.

18. After the fall, Defendant's representative indicated to Plaintiff and her sister that a child had vomited and it was not cleaned, causing the Plaintiff to fall and sustain injuries as stated above.

19. The aforesaid incident and resulting injuries and/or damages sustained by Plaintiff directly and proximately resulted from the negligence, carelessness, recklessness and/or unlawfulness of Defendant and/or its agents, servants and/or employees whose conduct consisted of, but was not limited to, the following:

(a) failing to maintain the premises in a condition which would protect and safeguard the welfare of persons lawfully thereon;

(b) permitting the premises to become and remain in a dangerous and/or defective state so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully thereon;

(c) failing to inspect the premises at reasonable intervals in order to determine its condition so as to repair any defects therein;

(d) failing to issue any warning, verbal, written, actual and/or constructive, to persons lawfully thereon of the dangerous condition which existed on the walkway at the premises located at the aforementioned address;

(e) failing to correct or cure a dangerous and/or defective condition which the Defendants knew or should have known to have existed;

(f) permitting Plaintiff to travel upon the aforesaid cash register aisle when Defendants knew or in the exercise of reasonable care should have known that it was dangerous to do so and involved an unreasonable risk of harm to persons so doing;

(g) failing to provide persons lawfully thereon with a safe manner to travel on said premises;

(h) failing to maintain the said premises in a manner consistent with and in conformity with recognized standards of care, design and safety and in accordance with the laws of the Commonwealth of Pennsylvania and County of Delaware then in effect;

(i) allowing a dangerous and/or defective condition to exist upon said premises while business invitees of Defendants were allowed to utilize said cash register aisle;

(j) violated statutes and ordinances of the BOCA or international code for building code/property maintenance regulations;

(k) failing to post adequate warning signs, barrier and/or barricades in an effort to alert those persons lawfully thereon of the dangerous condition which existed;

(l) violating the standard care due business invitees; and

(m) failing to clean, clear and/or remove the aforesaid slippery liquid substance from the aforesaid cash register aisle upon which Plaintiff fell.

19. As a direct and proximate result of the aforesaid incident, Plaintiff suffered severe and serious injuries which are or may be permanent including, but not limited to, injuries to her head, neck, back, arms, legs, spine and injury and damages to her muscular skeletal system and nervous system, all of which have been and may in the future be the cause of great pain, suffering, mental anguish and humiliation.

20. As a direct and proximate result of the aforesaid incident and resulting injuries and/or damages, Plaintiff suffered and/or suffers and/or will continue to suffer from physical and mental anguish, pain, suffering and/or inconvenience.

21. As a direct and proximate result of the aforesaid incident and resulting injuries and/or damages, Plaintiff suffered and/or suffers and/or may continue to suffer shock and injuries to her nerves and nervous system and has suffered and/or suffers and/or continues to suffer emotional distress.

22. As a direct and proximate result of the aforesaid incident and resulting injuries and/or damages, Plaintiff has been deprived and/or is deprived and/or may continue to be deprived of the ordinary pleasures of life.

23. As a direct and proximate result of the aforesaid incident and resulting injuries and/or damages, Plaintiff has been forced to be absent from her daily employment, thus suffering a loss of wages, all to her great detriment and loss.

24. As a direct and proximate result of the aforesaid incident and resulting injuries and/or damages, Plaintiff has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical aids, medicines and/or similar medical and/or medically related instrumentalities and modalities.

WHEREFORE, Plaintiff, Sandra Caserta, respectfully requests judgment in her favor and against Defendant, Target Corporation, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) together with costs of suit and interest allowable by law, damages for delay and any other relief the Court deems just and proper.

Respectfully submitted,

ROBERT DeLUCA & ASSOCIATES,LLC.

DATED: 2-16-2026 BY: Robert A DeLuca

ROBERT A. DeLUCA, ESQUIRE
Attorney for Plaintiff

**VERIFICATION**

I, Sandra Caserta, hereby verify that I am the Plaintiff in this action and that the statements made in the foregoing pleadings are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATED: 2-12-2026 Sandra Caserta

FILED
02-16-2026 11:04 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA